UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MITCHELL HODGEN GUSHWA,<br><br>Defendant. | Case No. 1:18-cr-00020-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Mitchell Gushwa's Motion for Early Termination of Supervised Release. Dkt. 54. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

Mr. Gushwa pled guilty to unlawful possession of a firearm. Mr. Gushwa was then sentenced to serve 57 months' incarceration followed by three years' supervised release. After serving his sentence, Mr. Gushwa was released from prison on February 2, 2022, and started his term of supervision. He has now served over two years of his term and seeks early termination of supervised release. The government opposes the motion and the United States Probation Office neither supports nor opposes the motion.

**MEMORANDUM DECISION AND ORDER - 1**

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See* 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after the defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) deterrence;

(3) protection of the public;

(4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;

(5) the sentence and sentencing range established for the category of defendant;

(6) any pertinent policy statement by the Sentencing Commission;

(7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4),

(a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. 18 U.S.C. § 3583(e)(1). The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d at 821-22.

## ANALYSIS

The Court, having considered these factors, is not persuaded that early termination of supervised release is warranted. *See* 18 U.S.C. § 3583(e)(1).

As a threshold matter, there appears to be some disagreement about the proper standard applicable to requests for early termination of supervised release. The Government argues that "[w]hile not required, courts have generally granted

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

**MEMORANDUM DECISION AND ORDER - 3**

modifications to a defendant's supervision upon a showing of something more than 'mere compliance' with the terms of supervision to justify early termination, such as 'changed circumstances or exceptionally good behavior.'" *Gov't Resp.* at 5, Dkt. 59. Mr. Gushwa, responds by stating that "[n]owhere in this statute [18 U.S.C. § 3583(e)(1)] did Congress say that 'mere compliance' is not in the interest of justice." *Def's Reply* at 5, Dkt. 60. While neither of these statements are independently incorrect, both are an oversimplification of the law. Rather, "[t]he correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e), which provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release if it is satisfied that such action is warranted by the conduct of the defendant release and the interest of justice." *United States v. Carter*, No. 23-10026, 2024 WL 1461370 *1 (9th Cir. 2024) (internal quotations omitted). Thus, even though Mr. Gushwa's compliance is a factor that this Court considers, the ultimate question is whether the § 3553(a) factors support early termination.

      Turning to those factors, the Court finds they do not favor early termination. Beginning with the nature and circumstances of Mr. Gushwa's instant offense, when officers responded to Mr. Gushwa's residence to conduct a welfare check, they were met with Mr. Gushwa yelling profanities and threatening to kill them.

**MEMORANDUM DECISION AND ORDER - 4**

Following this was a standoff between Mr. Gushwa and the officers which ultimately resulted in Mr. Gushwa being arrested the next day. He was found to be in possession of firearms.

Further, Mr. Gushwa's history and characteristics are also concerning. He was prohibited from possessing firearms due to a prior conviction for domestic battery in the presence of a child. Beyond this conviction Mr. Gushwa has a concerning criminal history, especially involving firearms. For instance, at the age of fourteen Mr. Gushwa threatened to kill himself during school in front of students and faculty using a handgun, which he ultimately discharged inside the building. *PSR* at ¶ 32. These events raise serious concerns not only for the safety of law enforcement officers and the general population, but also for Mr. Gushwa. Mr. Gushwa argues that the risk of self-harm does not equate to dangerousness. *Def.'s Reply* at 6, Dkt. 60. However, Mr. Gushwa minimizes the events that happened in the past. Mr. Gushwa not only threatened officers at the time of his arrest but while waiting trial verbalized threats against federal judges, agents, and police officers. *PSR* at ¶ 5.

That said, the Court commends Mr. Gushwa on the recent strides he has made while on supervision. Mr. Gushwa—with the exception of some early violations—has been, performing well on supervision, working a steady job, and

**MEMORANDUM DECISION AND ORDER - 5**

fostering what appears to be a healthy relationship with his daughter.[2] His behavior does not, however, justify early termination. Performing well is what is expected of defendants on supervision. Supervision is intended to aid in Mr. Gushwa's continued success, not punish him. *United States v. Campbell*, No. 1:12-CR-00155-BLW, 2022 WL 3227735, at *2 (D. Idaho Aug. 10, 2022) ("As the Court has said in other cases, the mere fact of supervision can provide an impetus for continued success.").

Again, while the Court recognizes the positive steps made, the Court sees no reason to prematurely end Mr. Gushwa's term of supervised release after reviewing the relevant factors. The Court sentenced him to three years of supervised release for a reason and is not persuaded that early termination would serve the interest of justice. For these reasons, the motion will be denied.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Early Termination of Supervised Release (Dkt. 54) is **DENIED**.

---

[2] As Mr. Gushwa acknowledges, his performance while on supervised release has not been spotless, especially in the early stages of his supervision. *Motion* at 7, Dkt. 54.

DATED: September 23, 2024

_____
B. Lynn Winmill
U.S. District Court Judge